IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CRIM. No. 08-96-E-BLW |
| Plaintiff, | ) |
| | ) ORDER |
| v. | ) |
| | ) |
| ALFRED WAHTOMY and MARTIN AUCK, | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

The Court has before it motions to quash filed by the Tribes and the Government. To give counsel direction, the Court will set out its tentative analysis, with the caveat that it is not set in stone, and that all issues remain open for argument at the hearing set for October 23, 2008.

## ANALYSIS

As part of his challenge to a Tribal Court search warrant, defendant Wahtomy served four subpoenas on Tribal members, including the judge who

**Order – page 1**

issued the warrant. Wahtomy originally sought both documents and testimony, but has now dropped his request for documents, and seeks only the testimony of the four Tribal members. The Tribes have filed a motion to quash the subpoenas on the ground of sovereign immunity.

The Tribes have sovereign immunity from suit, and this extends to protect them from complying with subpoenas in criminal cases. *See United States v James*, 980 F.3d 1314 (9th Cir. 1992). However, Tribal members in their individual capacity have no sovereign immunity. *See Puyallup Tribe, Inc. v. Washington Game Dept*., 433 U.S. 165, 173 (1977).

The defendant's briefing states that "the subpoenas were issued to determine the hiring criteria for tribal judges and specifically the actual qualifications, training, education, experience of Tribal Judge Rosephine Coby." *See Response Brief* at p. 2. Furthermore, the defendant states that "there is also concern over the judge's relationship with Mr. Wahtomy, with local law enforcement and with the FBI agent and FBI Victims Advocate who both assisted in the investigation, search warrant applications, various searches, evidence collection, two interrogations and various other interviews pertaining to this case." *Id.*

While Wahtomy may argue that he is only seeking to question individual Tribal members as fact witnesses, and that they are entitled to no sovereign

**Order – page 2**

immunity for such questioning, his inquiry goes far beyond that.  By questioning the integrity of a Tribal Judge, he is questioning the integrity of the entire Tribal Court system.  The Tribes are therefore entitled to a full measure of sovereign immunity from these four subpoenas.

Wahtomy argues, however, that this sovereign immunity interferes with his Sixth Amendment right to compulsory process.  The Sixth Amendment's guarantee of compulsory process is violated only when the criminal defendant is arbitrarily deprived of testimony that would have been relevant and material, and vital to the defense.  *See Selam v. Warm Springs Tribal Corr. Facility*, 134 F.3d 948, 952 (9th Cir.1998).   To be entitled to compulsory process, the defendant must make some plausible showing of how the testimony would be both material and favorable to his defense.  *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982).

Wahtomy has not yet made that showing to this Court.  The vague statements contained in his briefing do not provide the necessary detail to make a plausible showing of materiality.  Indeed, it will be difficult to see how he could.  To this point, Wahtomy has not challenged the warrant as lacking in probable cause.  If the warrant is supported by probable cause, it is difficult to understand the materiality of Wahtomy's proposed inquiry of the Tribal members.  In other words, if the warrant is unquestionably supported by probable cause, why is it

**Order – page 3**

material that the Tribal Judge may have been related to the defendant or lacking in qualification?[1]

If Wahtomy cannot make a threshold showing of materiality, he has no Sixth Amendment right to compulsory process. Accordingly, there would be no conflict between his constitutional rights and the Tribes' right to sovereign immunity.

The absence of conflict would distinguish this case from *United States v. Snowden*, 879 F.Supp. 1054 (D.Ore. 1995), cited by Wahtomy. There, defendant Snowden was charged with sexual assault. He served a subpoena on the Confederated Tribes seeking counseling records pertaining to the victim's treatment for alcoholism. The court rejected the Confederated Tribes' claim of sovereign immunity, finding that Snowden had a "substantial need to effectively challenge the recollection and credibility of the [victim] who has given inconsistent statements of the events and who was extremely intoxicated at the time of the alleged assault," and that this outweighed the Confederated Tribes' right to sovereign immunity. *Id*. at 1058. The court noted that the Confederated Tribes had not identified what interest they had in protecting the records beyond the

---

[1] On the other hand, even if the warrant is supported by probable cause, Wahtomy may be entitled to the subpoenas he seeks if he can make a plausible showing that the tribal judge was not "neutral and detached" as required by the 4th Amendment, because she was involved in law enforcement activities, had a pecuniary interest in the outcome of her decision, or had "wholly abandoned" her judicial role. *United States v. Heffington*, 952 F. 2d 275, 278 (9th Cir. 1991).

**Order – page 4**

privacy interest of the victim. *Id*. at 1057. Her privacy interest was tenuous at best because she had previously released her own records. *Id*. at 1057-58.

In contrast, the Tribes' sovereign immunity rights in this case are much stronger, as the subpoenas seek to inquire into the integrity of the Tribal Court system, including the selection process for its judges. Moreover, Wahtomy has not yet made a plausible showing of materiality to the extent present in *Snowden*. That will be an issue that defense counsel must address at the hearing.

Once again, the Court is not making any final rulings here. The Court is simply providing direction for counsel in preparation for the hearing, where all issues remain open for argument.



DATED: **October 22, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order – page 5**